NO. 18-15802

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

LEGALFORCE RAPC WORLDWIDE, P.C.; LEGALFORCE, INC.,

Plaintiffs-Appellants,

v.

LEGALZOOM.COM, INC.;
UNITED STATES PATENT AND TRADEMARK OFFICE

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of California
District Court Case No. 3:17-CV-07194 MMC

**UNITED STATES PATENT AND TRADEMARK OFFICE'S RESPONSE
TO APPELLANTS' RESPONSE TO ORDER TO SHOW CAUSE**

ALEX G. TSE
Acting United States Attorney
SARA WINSLOW
Chief, Civil Division
MICHELLE LO
Assistant United States Attorney

450 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102-3495
Telephone: (415) 436-7180
Facsimile: (415) 436-6748

Attorneys for United States Patent and Trademark Office

Defendant-Appellee, the United States Patent and Trademark Office (the "USPTO"), responds to the submission by Plaintiffs-Appellants, LegalForce RAPC Worldwide, P.C. ("LegalForce RAPC") and LegalForce, Inc. ("LegalForce"), in response to the Court's order to show cause why this appeal should not be dismissed for lack of jurisdiction.[1]  The District Court order being appealed here is neither a final, appealable decision nor an order that comes within the collateral order doctrine.

Under 28 U.S.C. § 1291, courts of appeals have jurisdiction over "all final decisions of the district courts of the United States."  Accordingly, "parties may appeal only from orders which end[ ] the litigation on the merits and leave[ ] nothing for the court to do but execute the judgment."  *Couch v. Telescope Inc.*, 611 F.3d 629, 632 (9th Cir. 2010) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)) (internal quotation marks omitted).  This final judgment rule prevents litigants from engaging in "piecemeal, prejudgment appeals," conduct that "undermines 'efficient judicial administration' and encroaches upon the prerogatives of district court judges."  *Mohawk Indus., Inc. v. Carpenter*, 558 U.S.

---

[1] By Order dated May 24, 2018, the Court ordered Appellants to move within 21 days for voluntary dismissal of the appeal or show cause why it should not be dismissed for lack of jurisdiction, and further ordered that a response may be filed within 10 days if Appellants elect to show cause.  Appellants filed a request on June 14, 2018 for a two-week extension of time to file their response to the Court's show cause order, which the Court has not ruled on, and then filed their response on June 28, 2018.

100, 106 (2009) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)). Accordingly, because the district court order being appealed here did not dispose of all claims as to all parties, this appeal should be dismissed for lack of jurisdiction.

## I.      Background

The District Court's April 30, 2018, Order, from which Appellants purport to appeal, did not resolve all claims against all parties. LegalForce RAPC and LegalForce had filed a First Amended Complaint against the USPTO and another defendant, LegalZoom.com, Inc. *See* Appellants' Resp. Ex. 1 at 5. The USPTO moved to dismiss the claims against it, which LegalForce RAPC and LegalForce did not oppose, and the Court granted the USPTO's uncontested motion. *See id.* LegalForce RAPC and LegalForce then sought leave to amend their complaint a second time to assert new claims against the USPTO and the other defendant. As against the USPTO, the proposed pleading contained three claims: (1) a claim that the USPTO deprived LegalForce RAPC of equal protection of the law, (2) a claim that the USPTO deprived LegalForce RAPC of due process, and (3) a claim for declaratory relief on behalf of both LegalForce and LegalForce RAPC. *See id.*

The District Court concluded that the claims against the USPTO would be subject to dismissal for failure to state a claim, and therefore denied the motion for leave to amend on the grounds of futility. *Id.* at 5-9. The District Court granted

LegalForce leave to file a second amended complaint against LegalZoom.com, Inc., and ordered that "LegalForce may not, nor may any other plaintiff, add therein any new defendants, any new claims against LegalZoom or any claims against the USPTO, without first obtaining leave of court." *Id.* at 9 (citing Fed. R. Civ. P. 15(a)(2)). Two days later, on May 2, 2018, LegalForce RAPC and LegalForce filed a notice of appeal of the District Court's April 30, 2018, Order.

**II.     The District Court's Order Denying Leave To Amend As To The USPTO Did Not Have The Practical Effect Of Denying An Injunction.**

An order denying leave to amend, as is the District Court order being challenged here, is not appealable. *Bradshaw v. Zoological Soc'y. of San Diego*, 662 F.2d 1301, 1304 (9th Cir. 1981). "Such orders, as a class, contemplate further proceedings in the district court, and [we] ha[ve] previously held that review is available after the final judgment, into which they merge." *Id.* Such orders also fail to qualify as "'a final disposition of a claimed right'" because they are subject to reconsideration by the trial court. *Id.* (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)).

In an attempt to sidestep this Ninth Circuit authority, Appellants suggest that this Court has jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) because the District Court's denial of leave to amend had "the practical effect of denying Appellants injunctive relief because they were not given the opportunity to fully articulate their claims requesting injunctive relief from the USPTO's violations of equal

3

protection and due process." *See* Appellants' Resp. at 3-4. Section 1292(a)(1) allows courts of appeal to review interlocutory orders "granting, continuing, modifying, refusing or dissolving . . . or refusing to dissolve or modify injunctions . . . ." Here, the District Court's denial of leave to amend did not grant or deny any injunctive relief by its plain terms and did not have the practical effect of denying injunctive relief. *See Plata v. Davis*, 329 F.3d 1101, 1107 (9th Cir. 2003) (finding that trial court order could not possibly have had the practical effect of establishing or modifying injunctive relief where "it did not grant or deny any injunctive relief by its terms" and "it could not have continued, modified, or dissolved any injunctive relief, because at the time the order was entered no injunctive relief was in place").

Equally unavailing is Appellants' claim that the District Court's denial of leave to amend has the potential for serious or irreparable harm and can only be effectively challenged by an immediate appeal. As this Court has explained, "[t]he opportunity to amend, if erroneously denied, may be effectively protected after final judgment on the merits." *Bradshaw*, 662 F.2d at 1304. Thus, the non-final order will become reviewable once the District Court enters a final judgment. *Litchfield v. Spielberg*, 736 F.2d 1352, 1355 (9th Cir. 1984) ("An appeal from a final judgment draws in question all earlier, non-final orders and rulings which produced the judgment.").

4

**III. The District Court's Order Does Not Fall Within The Collateral Order Doctrine.**

Appellants' next argument that the District Court's Order denying leave to amend falls within the collateral order doctrine fails to successfully invoke that exception to the final judgment rule. Notwithstanding the final judgment rule, litigants may appeal a "small class" of collateral rulings that may be treated as final even though they do not end the proceedings in the district court. *See Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546 (1949). To come within this narrow exception of the collateral order doctrine, an order must "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144 (1993) (quoting *Coopers & Lybrand,* 437 U.S. 463, 468 (1978)).

Under the collateral order doctrine, a party may appeal from an order that can be said to fall within "that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Bradshaw,* 662 F.2d at 1304 (quoting *Cohen,* 337 U.S. at 546). This Court has repeatedly emphasized that the collateral order doctrine is a "'narrow' exception" and "should stay that way and never be allowed to swallow the general rule." *Digital Equip. Corp. v.*

*Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994); *see Mohawk Indus.,* 558 U.S. at 113 ("[T]he class of collaterally appealable orders must remain 'narrow and selective in its membership.'") (quoting *Will v. Hallock,* 546 U.S. 345, 350 (2006)).

As discussed above, the Ninth Circuit has held that "[t]he opportunity to amend, if erroneously denied, may be effectively protected after final judgment on the merits." *Bradshaw*, 662 F.2d at 1304. An order denying leave to amend is also "inherently tentative." *Id.* Contrary to Appellants' assertion that "the district court made its final determination and will not revisit these constitutional rights issues against the government at any point later as the litigation continues against the private party," *see* Appellants' Resp. at 9, the District Court's Order expressly afforded Appellants the opportunity to seek leave of court to add claims against the USPTO in a second amended complaint. *See* Appellants' Resp. Ex. 1 at 9. LegalForce RAPC and LegalForce's decision to proceed directly to an appeal of the non-final order rather than seek further leave of the District Court does not transform the District Court's decision into a final disposition. Appellants' final argument that the denial of motion for leave to amend "will not be merged in a final judgment on a matter" is incorrect as a matter of law. To come within the collateral order doctrine, "denial of immediate review [must] render impossible any review whatsoever." *Firestone Tire & Rubber*, 449 U.S. at 376 (citation

omitted).  It is well settled that the denial of leave to amend does not satisfy that criterion.  *Bradshaw*, 662 F.2d at 1304.

In sum, the District Court's April 30, 2018, Order does not fall within the narrow exception to the final judgment rule carved out by the collateral order doctrine.

## IV.  Conclusion

The District Court's Order on appeal is not appealable as a final judgment or an order that comes within the collateral order doctrine.  For the above reasons, this appeal should be dismissed for lack of jurisdiction.

DATED: July 9, 2018

Respectfully submitted,

ALEX G. TSE
Acting United States Attorney

 /s/ *Michelle Lo*
MICHELLE LO
Assistant United States Attorney

Attorneys for Defendant-Appellee
United States Patent and
Trademark Office

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

_/s/ Michelle Lo_
MICHELLE LO
Assistant United States Attorney